Turney, J.,
delivered the opinion of the Court.
There is no evidence in the record to support the verdict. The suit was instituted in the Circuit Court of Hancock County, by the defendant in error, for the widow and heirs at law of Alexander Montgomery. The *158 declaration avers tlrat tlie plaintiffs in error beat, bruised, shot, cut and ill-treated the intestate, and by force and violence drove him from his home, thereby causing him to lie out in the woods, exposed to the elements and in-clemencies of the weather, whereby his health was greatly impaired and injured, and of which said injuries he lingered in pain, until of said injuries he died, &c.
The facts are, that on the 14th of November, 1861, the plaintiffs in error, or some of them, as is shown by the record, went to the house of intestate, and demanded of a son of intestate his arms. Intestate came out of his house, and ordered them off; a fight ensued, in which intestate was cut with an ax just above the knee. That night intestate left home and went to the house of a neighbor, and remained away from that (Friday) night till Monday morning, staying one night in the woods. He walked on crutches about three months, and then used a cane. On the 11th of April, 1862, he left home for Kentucky, on foot; got to Bar-bourville in two or three days; went thence to Lexington with a Federal wagon train, and was employed most of the remainder of the year driving teams. In December, 1862, he taught school for a short time; soon quit school-teaching, and again engaged with a wagon train. At Lexington, he, as teamster, drove six mules to London; returned to Lexington, and made two trips to Cumberland Gap; attended to his teams himself, and when Bragg’s army was in Kentucky, took his train to Jeffersonville, Indiana. In October, 1862, he took a second train to Louisville, and went to Lebanon; slept in a wagon; was engaged as wagon-master, conducting *159 trains. Tlie weather was bad, and he was necessarily exposed in being with the trains; was taken sick, and on the 23d of January, 1863, died. He attributed his sickness to exposure and cold, and said nothing about its being a result of his wound.
This is the proof of his son, William Montgomery, who went from home with him and remained with him to his death.
There was verdict and judgment for defendant in error, for five thousand dollars, from which there is an appeal to this Court
We have given the facts a critical examination, and are wholly unable to discover any, the slightest or most remote connection between the wound and the death of the intestate. The proof is clear that he had recovered from the wound and its effects, long before his death, which was the result, as proven by his own declarations, of cold and exposure.
In his charge, his Honor, the Circuit Judge, said to the jury: “To ascertain the influences under which the deceased abandoned his home, the jury will look to his declarations while preparing to start, while in the act of starting, while on his journey and during his stay.”
This is error. The principle is much too broadly stated for any class of cases, and has no application to the one at the bar. The rule is intended to apply generally in cases where acts have been done, to which it is necessary to ascribe a motive; then what the party has said at the time, is admissible for the purpose of explaining the act, and when offered by declarant, only as evidence going to the relief of the party making the *160 declarations, from a responsibility or liability, which the act, left unexplained, might .attach to .his conduct.
Under the charge of his Honor, the jury was authorized to -look, not only to the motive which prompted the deceased to leave his home, but as well, to all extraneous influences of any kind, without regard to time or circumstances, or the character of any such influences.
In actions of trespass,, such as this, the declaration of a party to be used as evidence for himself must be made immediately on receiving the injury, and before he had time to devise any thing for his own advantage. 1 Starkie on Evidence, 268.
Judgment reversed and cause remanded.